TRUSTEES OF EMPIRE STATE CARPENTERS ANNUITY, APPRENTICESHIP, LABOR-MANAGEMENT COOPERATION, PENSION AND WELFARE FUNDS,

Plaintiffs,

VERSUS

SANDERS CONSTRUCTION, INC.,

Defendant.

**MEMORANDUM AND ORDER**
October 14, 2014

JOSEPH F. BIANCO, District Judge:

The Trustees ("plaintiffs") of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Funds") commenced this action against Sanders Construction, Inc. ("defendant" or "Sanders Construction") to confirm and enforce an arbitration award. Before the Court is plaintiffs' unopposed motion for summary judgment. For the reasons set forth below, the Court grants the motion for summary judgment and confirms the arbitration award.[1]

I. BACKGROUND

A. Facts

The following facts are taken from the declaration, exhibits, and Local Rule 56.1 statement of facts submitted by plaintiffs. Upon consideration of a motion for summary judgment, the Court construes the

---

[1] The Second Circuit has clearly established that a district court may not grant an unopposed summary judgment motion without carefully analyzing the moving papers to determine whether the moving party satisfies its burden of demonstrating that there are no material issues of fact for trial. *See Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("[W]here the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001))); *see also Jackson v. Fed. Express*, --- F.3d --, No. 12-1475-CV, 2014 WL 4412333, at *3–4 (2d Cir. Sept. 9, 2014). As set forth below, plaintiffs have met that burden in this case based upon the evidence submitted in connection with their summary judgment motion.

facts in the light most favorable to the nonmoving party. *See, e.g.*, *Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005). Unless otherwise noted, where plaintiffs' Rule 56.1 statement is cited, that fact is undisputed and supported by evidence in the summary judgment record. *Cf. Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (noting that district court may disregard an assertion in a Rule 56.1 statement that is unsupported by record).

Sanders Construction entered into a collective bargaining agreement (the "CBA") with the Northeast Regional Council of Carpenters (the "Union"). (Pls.' 56.1 ¶ 1.) Among other provisions, the CBA required Sanders Construction to make contributions to the Funds for every hour of work performed within the trade and geographical jurisdiction of the Union. (*Id.* ¶ 3.) The CBA also vested the Funds with the authority to audit Sanders Construction's books and payroll records, so that the Funds could ensure Sanders Construction's compliance with its contribution requirements. (*Id.* ¶ 4.)

Disputes over contributions were subject to arbitration pursuant to the Funds' Collection Policy, a document incorporated by reference in the CBA. (*Id.* ¶¶ 6–7.) Specifically, the Funds could demand arbitration of disputes over contributions by sending a Notice to Arbitrate to the employer. (*Id.* ¶ 7; Craven Decl. Ex. C, Collection Policy at 2.2.) If the employer received a Notice to Arbitrate and objected to arbitration, then the Funds would instead initiate legal action in a federal court. (*Id.*) In other words, an employer had the right to opt out of arbitration. (Pls.' 56.1 ¶ 7.)

The Funds conducted an audit of Sanders Construction's books and records for the period from July 1, 2012, through December 31, 2012. (*Id.* ¶ 5.) The auditor concluded that Sanders Construction had failed to report and make $30,651.30 in contributions. (*Id.*) Sanders Construction failed to pay these contributions to the Funds, and the Funds demanded arbitration in a Notice of Intention to Arbitrate dated July 3, 2013. (*Id.* ¶¶ 8–9.)

Thereafter, a hearing was held before arbitrator J.J. Pierson, Esq., on July 24, 2013. (*Id.* ¶ 10; Craven Decl. Ex. E, Arbitration Order.) Charles R. Virginia, Richard Craven, and Kyle Lagongero appeared on behalf of the Funds; Tim Sanders appeared on behalf of Sanders Construction. (Pls.' 56.1 ¶ 10.) Three days later, on July 27, 2013, the arbitrator issued his award in an order dated July 27, 2013. (*Id.* ¶ 11.) The arbitrator concluded that Sanders Construction had failed to contribute a total of $30,651.30 to the Funds between July 1, 2012, and December 31, 2012. (*Id.*; Craven Decl. Ex. E, Arbitration Order.) Accordingly, the arbitrator ordered Sanders Construction to pay to the Funds the following amounts: $30,651.30 in principal; $1,985.49 in interest; $6,130.26 in liquidated damages; $550.00 in attorneys' fees; and $750.00 as an arbitrator's fee. (*Id.*)

B. Procedural History

Plaintiffs commenced this action on September 12, 2013. Defendant answered the complaint on November 14, 2013.

Plaintiffs moved for summary judgment on August 8, 2014. Defendant did not file an opposition to the motion. This matter is fully submitted, and the Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

The standard for summary judgment is well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a

motion for summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). The moving party bears the burden of showing that he is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "'is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.'" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (alteration and emphasis in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249–50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

III. DISCUSSION

"Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court.'" *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers E.*, No. 11-CV-04421 (ENV) (RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (quoting *N.Y. City Dist. Council of*

3

*Carpenters Pension Fund v. E. Millennium Constr., Inc.*, No. 03-CV-5122, 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003)).

The Supreme Court has recognized that the LMRA expresses a "'federal policy of settling labor disputes by arbitration,'" which "'would be undermined if courts had the final say on the merits of the awards.'" *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596 (1960)). Accordingly, "the courts play only a limited role when asked to review the decision of an arbitrator." *Id.*; *see, e.g.*, *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001); *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338, Affiliated with the Retail, Wholesale & Dep't Store Union, AFL-CIO*, 118 F.3d 892, 896 (2d Cir. 1997); *Local 1199, Drug, Hosp. & Health Care Employees Union, RWDSU, AFL-CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992). In this limited role, a court must confirm an arbitration award as long as it "'draws its essence from the collective bargaining agreement' and is not the arbitrator's 'own brand of industrial justice.'" *First Nat'l Supermarkets*, 118 F.3d at 896 (quoting *Misco*, 484 U.S. at 36). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n*, 532 U.S. at 509. Indeed, "serious error" and "improvident, even silly, factfinding do[] not provide a basis for a reviewing court to refuse to enforce the award." *Id.* (internal quotation marks and citations omitted).

In this case, there is no question that the arbitrator's award draws its essence from the CBA, and that it is based upon evidence that Sanders Construction failed to pay $30,651.30 in contributions to the Funds for the period from July 1, 2012, through December 31, 2012. Moreover, nothing in the record suggests "that the arbitrator's award was procured through fraud or dishonesty or that any other basis for overturning the award exists." *Trustees for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Odessy Constructioncorp*, No. 14-CV-1560-GHW, 2014 WL 3844619, at *2 (S.D.N.Y. Aug. 1, 2014) (granting unopposed motion for summary judgment under LMRA). Accordingly, the Court confirms the arbitration award of July 27, 2013.

IV. CONCLUSION

For the reasons set forth herein, the Court grants plaintiffs' motion for summary judgment and confirms the arbitration award of July 27, 2013. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: October 14, 2014
      Central Islip, NY

\*     \*     \*

Plaintiffs are represented by Charles R. Virginia, Richard B. Epstein, and Michael Howard Isaac of Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, NY 10004. Defendant is represented by Anthony Scott Poulin of Stephen Einstein & Associates, 20 Vesey Street, Suite 1406, New York, NY 10007.

4